IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

J & J SPORTS PRODUCTIONS, INC.,

       Plaintiff,

v.

TINA'S S & R MIRAGE, INC. and CHRISTINA LAPP,

       Defendants.

OPINION AND ORDER

18-cv-223-slc

---

On March 30, 2018, plaintiff J & J Sports Productions, Inc. filed this civil suit against defendants Tina's S & R Mirage, Inc. ("Mirage") and Christina Lapp, seeking statutory penalties under the Communications Act of 1934, 47 U.S.C. § 605, *et seq.*, and the Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, *et seq*. Specifically, J & J Sports alleges that on May 2, 2015, defendants unlawfully intercepted and exhibited the television broadcast of the "Fight of the Century: Floyd Mayweather, Jr. v. Manny Pacquiao Championship Fight Program," for which J & J Sports owned exclusive distribution rights.

Before the court is defendants' motion for judgment on the pleadings under Fed. R. Civ. P. 12©, in which they argue that J & J's claims are untimely. Because neither 47 U.S.C. § 553 nor § 605 contain a statute of limitations period, defendants argue that the court must apply the two-year statute of limitations period under Wisconsin's catch-all statute of limitations provision for "actions brought by a private party upon a statute penalty," Wis. Stat. § 893.93(2)(a), or in the alternative, the Federal Wiretap Act, 18 U.S.C. § 2520(e). Dkt. 12. I am granting defendants' motion for judgment on the pleadings because I conclude that J & J Sports's claims are barred by the two-year statute of limitations period set forth in Wis. Stat. § 893.93(2)(a).

## OPINION

### I. Legal Standard

The parties agree that motion for judgment on the pleadings under Fed. R. Civ. P. 12© is subject to the same standard as a motion to dismiss under Rule 12(b)(6), which "challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). In deciding such a motion, the court views the complaint in the light most favorable to the non-movant, accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the non-movant's favor. *Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014).

### II. Statute of Limitations

When a federal statute, like those at issue in this case, does not contain its own statute of limitations, the Supreme Court has instructed that courts must borrow a limitation period from the forum state's analogous state law. *See Reed v. United Transp. Union*, 488 U.S. 319, 323 (1989); *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 160 (1983); *Berger v. AXA Network LLC*, 459 F.3d 804, 808 (7th Cir. 2006). The rule has "enjoyed sufficient longevity that we may assume that, in enacting remedial legislation, Congress ordinarily 'intends by its silence that we borrow state law.'" *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 355 (1991) (quoting *Agency Holding Corp. v. Malley-Duff & Assoc., Inc.*, 483 U.S. 143, 147 (1987)). "Rooted as it is in the expectations of Congress, the 'state-borrowing doctrine' may not be lightly abandoned." *Id.* at 356.

There is a "closely circumscribed exception" to the state-borrowing doctrine "when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more

2

appropriate vehicle for interstitial lawmaking." *Reed*, 488 U.S. at 324 (quoting *DelCostello*, 462 U.S. at 172). *See also Lampf*, 501 U.S. at 356 (Court has looked to federal law "when the operation of a state limitations period would frustrate the policies embraced by the federal enactment"); *Occidental Life Ins. Co. of Cal. v. EEOC*, 432 U.S. 355, 367 (1977) ("State legislatures do not devise their limitations periods with national interests in mind, and it is the duty of the federal courts to assure that the importation of state law will not frustrate or interfere with the implementation of national policies."). Where "a state counterpart provides a limitations period without frustrating consequences, it is simply beside the point that even a perfectly good federal analogue exists." *North Star Steel Co. v. Thomas*, 515 U.S. 29, 37 (1995) (explaining that federal statute of limitations should be "secondary lender," particularly where no interstate transactions are involved).

The Seventh Circuit has not discussed or decided which statute of limitations should apply to claims arising under 47 U.S.C. §§ 553 or 605. *See Joe Hand Promotions, Inc. v. Jorgenson*, No. 12-C-0159, 2012 WL 5985485, at *2 (E.D. Wis. Nov. 29, 2012); *Joe Hand Promotions, Inc. v. Duede*, 09-1320, 2010 WL 1782260 (C.D. Ill. Feb. 16, 2010). "Other federal courts have created a patchwork of decisions, borrowing limitations periods from several different sources for television signal piracy claims." *Jorgenson*, 2012 WL 5985485, at *2 (citing *e.g.*, *DirecTV, Inc. v. Webb*, 545 F.3d 837 (9th Cir. 2008) (borrowing one-year statute of limitations from analogous state law); *Kingvision Pay-Per-View Corp. v. 989 Belmont, Inc.*, 366 F.3d 217 (3d Cir. 2004) (borrowing two-year statute of limitation from analogous state law); *DirecTV, Inc. v. Wright*, 350 F. Supp. 2d 1049 (N.D. Ga. 2004) (borrowing four-year statute of limitations from analogous state law); *DirecTV, Inc. v. Johnson*, No. 03-C-8504, 2004 WL 2011392 (borrowing two-year statute of limitations from the federal Wiretap Act); *In re Cases Filed by DirecTV, Inc.*, 344 F. Supp. 2d 647 (D. Ariz. 2004) (same); *Prostar v.*

*Massachi*, 239 F.3d 669 (5th Cir. 2001) (borrowing three-year statute of limitations from the federal Copyright Act)).

In this case, the parties agree that the closest state-law analogue is Wis. Stat. § 943.47 (Theft of Satellite Cable Programming), which prohibits the unlawful interception of an encrypted satellite cable program.[1] However, because that statute does not specify a limitations period, courts must look to Wisconsin's catch-all statute, Wis. Stat. § 893.93, regarding miscellaneous actions. The parties point to different sections of that statute for the limitations period in this case.

Defendants rely on the two-year limitations period for "[a]n action by a private party upon a statute penalty," set forth in Wis. Stat. § 893.93(2)(a) (vers. eff. to Apr. 4, 2018). J & J Sports fails to address the applicability of subsection (2)(a) and instead relies exclusively on *Jorgenson*, in which Judge Griesbach applied the six-year statute of limitations period set forth in former Wis. Stat. § 893.93(1)(a) for an "action upon a liability created by statute."[2] As defendants point out, however, the parties in *Jorgenson* did not discuss the two-year statute of limitations period regarding actions upon statutory penalties, so Judge Griesbach did not address it and instead used the six-year statute

---

[1] Defendants argue in the alternative that if I should find that Wis. Stat. § 943.47 is inappropriate to advance the purpose and structure of the Federal Communications Act, then the most analogous federal statute applicable to the claims in this case is the Federal Wiretap Act, 18 U.S.C. § 2520(e), which provides a two-year statue of limitations. However, because J & J Sports has not challenged defendants' contention that the state law borrowing doctrine applies in this case, I have not addressed defendants' arguments regarding the Wiretap Act.

[2] Although Judge Griesbach cited "§ 893.93(a)," it appears that he meant to refer to "§ 893.93(1)(a)," which according to the Wisconsin court of appeals, provided a six-year statute of limitations for a private action upon a statutory liability prior to April 4, 2018. *See DJK 59 LLC v. City of Milwaukee*, 2017 WI App 7, ¶ 30, 895 N.W.2d 103; *Krahenbuhl, DDS v. Wisconsin Dentistry Examining Bd.*, 2004 WI App 147, ¶ 4, 275 Wis. 2d 626, 633, 685 N.W.2d 591, 595. Effective April 5, 2018, § 893.93(1)(m) provides a three-year statute of limitations for actions upon a liability created by statute.

of limitations period applicable to statutes creating a liability. *Jorgenson*, 2012 WL 5985485, at *3 (reviewing parties' proposals for analogous laws to apply).

Although the reasoning in *Jorgenson* is sound as far as it goes, I agree with defendants that the court in that case did not have the same arguments before it. Both the federal statutes and the Wisconsin statutes that address the unlawful interception and exhibition of satellite signals provide for criminal penalties. Therefore, the most closely analogous and most appropriate statute of limitations in this case is the two-year statute of limitations period applicable to penal statutes in § 893.93(2)(a). Because J & J Sport filed this case on March 30, 2018, more than two years after the alleged piracy occurred on May 2, 2015, its claims are barred by the applicable statute of limitations.

ORDER

IT IS ORDERED that the motion for judgment on the pleadings filed by defendants Tina's S& R Mirage, Inc. and Christina Lapp under Fed. R. Civ. P. 12©, dkt. 12, is GRANTED. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 25th day of January, 2019.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge